**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| VFS US LLC d/b/a<br>MACK FINANCIAL SERVICES | CIVIL ACTION NO. 09-281 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOBBY JAY MARTIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment filed by Plaintiff VFS US LLC d/b/a Mack Financial Services ("VFS"). See Record Document 8. VFS seeks summary judgment on the grounds that there are no genuine issues of material fact that Defendant Bobby Jay Martin ("Martin") has defaulted on his obligations to VFS pursuant to two Credit Sales Contracts/Security Agreements. See id. For the reasons which follow, the Motion for Summary Judgment is granted.

**I.    BACKGROUND.**[1]

On March 30, 2007, Martin entered into a Credit Sales Contract/Security Agreement ("the March 30, 2007 contract") with Shreveport Mack Sales Inc. for the purchase of a truck, namely a 2007 Kenworth Model T800B. Pursuant to the March 30, 2007 contract, Martin was to pay sixty monthly installments in the amount of $2,331.63 in order to satisfy his total obligation to Shreveport Mack Sales Inc. In order to secure the payment of all sums due under the March 30, 2007 contract, Martin executed a Security Agreement, contained in the March 30, 2007 contract itself, whereby he granted a security interest unto Shreveport Mack Sales Inc. in certain collateral to secure the repayment of certain monies

---

[1] The background section is drawn from the complaint (Record Document 1), VFS's *unopposed* Statement of Uncontested Facts (Record Document 8-11), and VFS's Memorandum in Support of Motion for Summary Judgment (Record Document 8-2).

loaned to him for the purchase of the truck. The collateral included the 2007 Kenworth Model T800B bearing VIN No. 1XKDD40X37J192274, as well as "all present and future attachments, accessions, replacements, parts, repairs, additions, substitutions, chattel paper, and proceeds, including amounts payable under any insurance policies." Id., Exhibit A1.

On May 4, 2007, Martin entered into another Credit Sales Contract/Security Agreement ("the May 4, 2007 contract") with Shreveport Mack Sales Inc. for the purchase of another truck, namely a 2007 Mack Model CTP713. Pursuant to the May 4, 2007 contract, Martin was to pay sixty monthly installments in the amount of $2,319.58 in order to satisfy his total obligation to Shreveport Mack Sales Inc. In order to secure the payment of all sums due under the May 4, 2007 contract, Martin executed a Security Agreement, contained in the May 4, 2007 contract itself, whereby he granted a security interest unto Shreveport Mack Sales Inc. in certain collateral to secure the repayment of certain monies loaned to him for the purchase of the truck. The collateral included the 2007 Mack Model CTP713 bearing VIN No. 1M1AT04Y97M006264, as well as "all present and future attachments, accessions, replacements, parts, repairs, additions, substitutions, chattel paper, and proceeds, including amounts payable under any insurance policies." Id., Exhibit A2.

On March 30, 2007, all rights and interests of Shreveport Mack Sales Inc. in the collateral as provided for in the March 30, 2007 contract were assigned to Mack Financial Services, a division of VFS. Mack Financial Services is a trade name of VFS. The March 30, 2007 contract acknowledges the assignment of the March 30, 2007 contract by Shreveport Mack Sales Inc. to VFS. VFS perfected its security interest in the collateral

described in the March 30, 2007 contract on April 5, 2007.

On May 4, 2007, all rights and interests of Shreveport Mack Sales Inc. in the collateral as provided for in the May 4, 2007 contract were also assigned to Mack Financial Services, a division of VFS. The May 4, 2007 contract itself acknowledges the assignment of the May 4, 2007 contract by Shreveport Mack Sales Inc. to VFS. VFS perfected its security interest in the collateral described in the May 4, 2007 contract on May 7, 2007.

Pursuant to the terms of both the March 30, 2007 and the May 4, 2007 contracts, an "Event of Default" includes, but is not limited to, the "[failure] to pay any installment to Seller in full when due or [the failure] to make any other payment of the Indebtedness or any other amount due under any other agreement with Seller or any affiliate . . ." Id., Exhibits A1 and A2. In the event of default, Martin agreed that he "waives all exemptions, acceptances, presentment, demand for payment, notice of non-payment, protest, notice of protest, notice of dishonor, and all notices in connection with this Contract, filing of suit, and diligence in collecting the indebtedness or enforcing any provision of this Contract." Id. He further agreed that "[w]henever an Event of Default exists under this Contract or any other agreement held by Seller or any affiliate, all debts and contracts, if Seller so elects, will become immediately due and payable." Id. Martin also agreed "to pay on demand, all attorneys' fees and all other costs and expenses which may be incurred by Seller in the enforcement of this Contract or in any way arising out of the protection, assertion, or enforcement of this Contract, whether or not suit is brought." Id. Both contracts provide for interest and late charges in the event of default. See id. Finally, Martin agreed in both contracts that the secured collateral could be sold at a private sale in the event of a default. See id. The proceeds of any such sale, after deducting all expenses and costs, are

required to be applied to the total indebtedness owed by him to VFS. See id. Martin further agreed that he would be liable for and will promptly pay any deficiency resulting from the any disposition of the collateral after default. See id.

Martin has defaulted on his indebtedness to VFS by failing to make timely payments pursuant to the March 30, 2007 Contract. VFS has not received any payment from Martin pursuant to the March 30, 2007 contract since August 28, 2008. A demand letter was sent to him following the default. Pursuant to the March 30, 2007 contract and as a result of his default, Martin is indebted to VFS for the remaining principal sum of $88,873.04, accrued contractual interest on the principal balance through March 31, 2009 in the amount of $9,520.30, default interest on the amount of principal and accrued interest awarded herein at a rate of 18% per annum from the date of judgment until paid, late charges in the amount of $1,515.54, other fees in the amount of $4,713.15, attorneys' fees, and all costs of these proceedings.

Martin has also defaulted on his indebtedness to VFS by failing to make timely payments pursuant to the May 4, 2007 contract. VFS has not received any payment from him pursuant to the May 4, 2007 contract since August 12, 2008. A demand letter was sent to him following the default. Pursuant to the May 4, 2007 contract and as a result of his default, Martin is indebted to VFS for the remaining principal sum of $91,353.15, accrued contractual interest on the principal balance through March 31, 2009 in the amount of $10,664.23, default interest on the amount of principal and accrued interest awarded herein at a rate of 18% per annum from the date of judgment until paid, late charges in the amount of $1,353.10, other fees in the amount of $4,878.22, attorneys' fees, and all costs of these proceedings.

On February 20, 2009, VFS filed suit against Martin, seeking the amounts contractually owed pursuant to the two Credit Sales Contracts/Security Agreements that were executed by Martin in connection with his purchase of the 2007 Kenworth Model T800B and a 2007 Mack Model CTP713 trucks. See Record Document 1. On March 24, 2009, Martin filed an answer, stating: "I do not owe this money. VFS . . . can have their trucks." Record Document 7. VFS now moves for summary judgment in its favor because there is no genuine issue of material fact that Martin has defaulted on his obligations to VFS, and, as a result, he is indebted to VFS for unpaid principal, accrued contractual interest, default interest, late charges, other costs, attorneys' fees and all costs of these proceedings pursuant to the express terms of the two Credit Sales Contracts/Security Agreements. See Record Document 8.

## II.     LAW AND ANALYSIS.

### A.     Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings

and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**B.     Default.**

VFS has submitted copies of the two Credit Sales Contracts/Security Agreements, as well as the affidavit of Heather Cooke ("Cooke"), a VFS bankruptcy and litigation specialist. See Record Document 8, Exhibits A, A1, and A2. The Motion for Summary Judgment is based largely on these documents, which have not been challenged by Martin. The two contracts establish the existence of a security interest in both the 2007 Kenworth Model T800B and the 2007 Mack Model CTP713. Moreover, the contracts also provide for all of the amounts prayed for by VFS in the event of Martin's default. Cooke has attested to Martin's default. See id., Exhibit A. She also attested to the amounts presently due, specifically the principal sums due, accrued contractual interest, default interest, late charges, and other costs. See id.

The undisputed summary judgment evidence establishes that Martin defaulted on his obligation to VFS pursuant to the two Credit Sales Contracts/Security Agreements. Thus, finding no genuine issues of material fact, summary judgment in favor of VFS and against Martin is granted. Pursuant to the March 30, 2007 Credit Sales Contract/Security Agreement, judgment is awarded to VFS in the principal sum of $88,873.04, accrued contractual interest on the principal balance through March 31, 2009 in the amount of $9,520.30, default interest on the amount of principal and accrued interest awarded herein

at a rate of 18% per annum from the date of judgment until paid, late charges in the amount of $1,515.54, other fees in the amount of $4,713.15, attorneys' fees, and all costs of these proceedings. Pursuant to the May 4, 2007 Credit Sales Contract/Security Agreement, judgment is awarded to VFS in the principal sum of $91,353.15, accrued contractual interest on the principal balance through March 31, 2009 in the amount of $10,664.23, default interest on the amount of principal and accrued interest awarded herein at a rate of 18% per annum from the date of judgment until paid, late charges in the amount of $1,353.10, other fees in the amount of $4,878.22, attorneys' fees, and all costs of these proceedings.

Additionally, the Court recognizes and maintains VFS's security interest in the collateral more particularly described in the contract as a 2007 Kenworth Model T800B and a 2007 Mack Model. VFS is further authorized to sell such collateral at a private sale in partial satisfaction of the amounts owed pursuant to the contracts, reserving unto VFS all other collection rights it may be entitled under the law in order to execute on the judgment rendered herein.

## III. CONCLUSION.

Based on the foregoing, the unopposed Motion for Summary Judgment (Record Document 8) filed by VFS is granted. A judgment in favor of VFS and against Martin shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of May, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE